IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SHERNARD C. STEWART     :
    Plaintiff             :      Case No. 1:09-cv-320
                           :
v.                      :      Mattice / Carter
                           :
TENNESSEE DEPARTMENT    :
OF MENTAL HEALTH        :
    Defendants            :

_____

MEMORANDUM AND ORDER

Plaintiff has moved for appointment of counsel (Doc. 12). Requests for appointment of counsel are frequently made under 28 U.S.C. § 1915(e). This section is available only for litigants, such as Plaintiff, who proceed *in forma pauperis*.

The right to counsel in civil cases is "highly circumscribed, and has been authorized in exceedingly restricted circumstances." *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988). There is a strong presumption that there is no right to counsel unless the litigant may lose his or her freedom if the action is lost. *Id.* (citing *Lassiter v. Department of Social Services of Durham County, North Carolina*, 452 U.S. 18, 26-27 (1981)). Appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In determining whether "exceptional" circumstances exist to warrant an appointment of counsel, courts evaluate the type of case, the complexity of the factual and legal issues involved, the ability of the litigant to represent himself, and the showing of some likelihood of merit. *Id.* at 606; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989)

1

("[A] threshold showing of some likelihood of merit, should be borne in mind by trial and appellate courts in deciding whether to appoint counsel"). The Sixth Circuit has characterized appointment of counsel in a civil case as "a privilege that is justified only by exceptional circumstances." *Lavado,* 992 F.2d at 606 (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)), *accord Gregg v.* SBC/Ameritech, 321 Fed.Appx 442, 447 (6th Cir. Apr. 15, 2009); *see also, Thompson v. Campbell,* 81 Fed.Appx. 563, 570 (6th Cir. Nov. 20, 2003) (holding district court did not abuse its discretion by declining to appoint counsel "because this is ordinary civil litigation and because [*pro se* plaintiff] has not shown that he has a compelling claim.")

At this point, the likelihood of merit or other exceptional circumstances have not been shown. Therefore, Plaintiff's motion for appointment of an attorney (Doc.12) is DENIED.

SO ORDERED.

ENTER:

Dated: April 27, 2010                    s/William B. Mitchell Carter
                                         UNITED STATES MAGISTRATE JUDGE